The **PRUDENTIAL INSURANCE COMPANY OF AMERICA,** Appellant,

v.

**DIRECTOR OF REVENUE, Respondent.**

No. 76650.

Supreme Court of Missouri, En Banc.

Oct. 25, 1994.

John P. Barrie, Juan D. Keller, Carole Lewis Iles, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gretchen Garrison, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERTSON, Judge.

In this case we determine whether Section 148.340, RSMo 1986, which imposes a tax on premiums received by foreign insurance com-

panies "in lieu of all other taxes," exempts foreign insurance companies from use tax liability under Section 144.610, RSMo 1986. The Administrative Hearing Commission ruled that Section 148.340 does not exempt foreign insurance companies from the use tax. Appellant seeks review in this Court.

This case involves the construction of a revenue law of this state. We have jurisdiction. Mo. Const. art. V, § 3. The decision of the Administrative Hearing Commission is affirmed.

## I.

Appellant Prudential Insurance Company ("Prudential"), a New Jersey company, sells automobile, home and life insurance policies in Missouri. As a foreign insurance company, Prudential pays the tax on premiums imposed by Section 148.340, RSMo 1986. In 1991, Prudential's corporate tax counsel advised Prudential that it did not owe use tax in Missouri. Consistent with this advice, Prudential informed the Director of Revenue ("the Director") that Section 148.340 exempted it from use tax, and stopped paying use tax or filing use tax returns. The Director audited Prudential for the period from April 1, 1989 to March 31, 1992. Based on the audit, the Director assessed use taxes of $15,533, plus additions and interest. Prudential appealed the assessment to the Administrative Hearing Commission ("the Commission"). On stipulated facts, the Commission issued findings of fact and conclusions of law and found Prudential liable for the use taxes and interest assessed by the Director. Prudential filed a timely petition for review in this Court.

## II.

Section 148.340 provides in relevant part:

Every insurance company or association not organized under the laws of this state, shall ... pay tax upon the direct premiums received, whether in cash or notes ... for insurance of life, property or interest in this state at the rate of two percent per annum in lieu of all other taxes, except as in sections 148.310 to 148.461 otherwise provided.

## A.

Prudential argues that the phrase "in lieu of all other taxes" exempts it from the use tax imposed by Section 144.610, RSMo 1986. The Director disagrees, relying on *Farm & Home Savings Association v. Spradling*, 538 S.W.2d 313 (Mo.1976). There, the Court held that a provision making a tax on earnings of savings and loan institutions "exclusive and in lieu of all other taxes of whatsoever nature" did not exempt savings and loan associations from the use tax. *Id.* at 319.

Not unexpectedly, Prudential urges us to distinguish or overrule *Farm & Home*. Prudential prefers *Centerre Bank of Crane v. Director of Revenue*, 744 S.W.2d 754 (Mo. banc 1988), which found that Section 148.030.3, RSMo 1986, intended to offset use taxes against the bank tax imposed in Sections 148.010 to 148.110, RSMo 1986. At the time the Court decided *Crane*, Section 148.030.3 credited "all taxes paid to the State of Missouri" against the bank tax. The Court found that the plain meaning of the statute's words encompassed use taxes. *Id.* at 760.

*Farm & Home* and *Crane* are not at loggerheads. In *Farm & Home,* the Court announced a rule that exclusivity provisions contained in one tax statute do not create exemptions from sales and use taxes. *Id.* at 317–319. The statute at issue in *Crane* did not create an exemption from another tax. Instead, Section 148.030.3 assumed the bank's obligation to pay all taxes imposed by other statutes and permitted the bank to take all such taxes paid as a credit against the *bank* tax liability created in and imposed by the *same* statute. *Crane,* therefore, does not apply to this case and gives us no reason to question *Farm & Home*.

## B.

We think *Farm & Home* controls this case. The statute at issue here differs, if at all, only in employing less sweeping language than that case addressed. Our task requires no more than applying *Farm & Home*'s rule to Section 148.340. "The Missouri use tax law ... is an all inclusive act which provides specifically for the exemptions to that partic-

ular tax.... This Court will not read into the use tax act exemptions which do not clearly appear therein." *Farm & Home,* 538 S.W.2d at 319.

We have searched the use tax statutes and find no express exemption for foreign insurance companies. As the legislature did not expressly exempt foreign insurance companies from the use tax in Chapter 144, we hold that the exemption claimed by Prudential in this case does not exist.

### III.

The decision of the Administrative Hearing Commission is affirmed.

All concur.